UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, THE LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF ILLINOIS, and SAFECO INSURANCE COMPANY OF INDIANA,

       Plaintiffs,

v.

4 TRANSPORT INC., 411 HELP LLC, 4 UR RECOVERY THERAPY LLC, A1 OCCUPATIONAL THERAPY LLC, GRAVITY IMAGING LLC, SPINE AND HEALTH PLLC, SPINE & HEALTH PLLC II, NEW HORIZON CHIROPRACTIC PLLC, FIRST MEDICAL GROUP PLLC, 4 HEALTH MANAGEMENT LLC, HMRF FUND III LLC, HMRF FUND IV LLC, VELOCITY MRS FUND IV LLC, VELOCITY MRS FUND V LLC, VELOCITY MRS FUND VI LLC, NATIONAL HEALTH FINANCE DM, LLC, HASSAN FAYAD, MIRNA FAYAD, WILLIAM GONTE, M.D., GEOFFREY KEMOLI SAGALA, D.C., AND ERNESTO CARULLA, P.T.,

       Defendants.

C.A. No.

**DEMAND FOR JURY TRIAL**

---

DAVID JOSEPH LANKFORD (P47881)
STEVEN M. BRAUN (P79461)
JOY WEBER (P77088)
Law Offices of Greig, Kennedy, Seifert and Fitzgibbons
Attorneys for Plaintiffs
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
248-223-0120
Fax: 603-334-9174

---

## <u>COMPLAINT</u>

Plaintiffs LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, THE LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF ILLINOIS, and SAFECO INSURANCE COMPANY OF INDIANA, along with any and all affiliate and/or agent companies,  (hereinafter collectively referred to as "Plaintiffs Liberty and Safeco"), by their attorneys, Law Offices of Greig, Kennedy, Seifert and Fitzgibbons, hereby allege as follows.

## I.    <u>INTRODUCTION</u>

1.    This matter revolves around a concerted effort by three pain management clinics (Defendants Spine & Health PLLC, Spine & Health PLLC II, and First Medical Group PLLC), physical therapy clinics (Defendants 411 Help, LLC and 4 UR Recovery Therapy LLC), a chiropractic clinic (Defendant New Horizon Chiropractic PLLC), an occupational therapy clinic (Defendant A1 Occupational Therapy LLC), a magnetic resonance imaging ("MRI") facility (Defendant Gravity Imaging, LLC), a transportation company (Defendant 4 Transport Inc.), a marketing company (Defendant 4 Health Management LLC), and the current and former owners, managers, employees, independent contractors, agents, and representatives of the same who collectively constructed a scheme with which to rely on fraudulent and unlawful treatment and/or referrals to seek recovery of medical or other benefits potentially available under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 and in violation thereof , et seq.

2.      Specifically these Defendants have operated a referral and marketing company/call center to solicit Plaintiffs Liberty's and Safeco's insureds to facilities owned, managed, staffed and/or operated by the named Defendants HASSAN FAYAD, MIRNA FAYAD, WILLIAM GONTE, M.D., GEOFFREY KEMOLI SAGALA, D.C., AND ERNESTO CARULLA, P.T.

3.      In furtherance of this scheme, Defendants defrauded Plaintiffs Liberty and Safeco by submitting and/or causing to be submitted false and fraudulent medical records, documents, correspondences, bills, and invoices through interstate wires and/or the U.S. Mail seeking payment under the Michigan No-Fault Act for treatment and services that were not actually rendered, were medically unnecessary, were fraudulently billed, and/or were not lawfully rendered; and causing to be submitted false and fraudulent medical records, documents, correspondences, bills, and invoices to Medicare and/or Medicaid.

4.      Defendants 4 Transport Inc. (hereinafter "Defendant 4 Transport"), 411 Help, LLC d/b/a 411 Therapy (hereinafter "Defendant 411 Therapy"), 4 UR Recovery Therapy LLC (hereinafter "Defendant 4 UR Recovery"), A1 Occupational Therapy LLC (hereinafter "Defendant A1"), Gravity Imaging, LLC (hereinafter "Defendant Gravity Imaging"), Spine & Health PLLC and Spine & Health PLLC II (hereinafter collectively "Defendant Spine & Health"), New Horizon Chiropractic PLLC (hereinafter "Defendant New Horizon"), First Medical Group, PLLC (hereinafter "Defendant First Medical"), 4 Health Management LLC (hereinafter "Defendant 4 Health"), HMRF Fund III LLC (hereinafter "Defendant HMRF III"), HMRF Fund IV LLC (hereinafter "Defendant HMRF IV"), Velocity MRS Fund IV LLC (hereinafter "Defendant Velocity IV"), Velocity MRS Fund V LLC (hereinafter "Defendant Velocity V"), Velocity MRS Fund VI LLC (hereinafter "Defendant Velocity VI"), National

Health Finance DM, LLC (hereinafter "Defendant National Health"), Hassan Fayad, Mirna Fayad, William Gonte, M.D. (hereinafter "Defendant Gonte"), Geoffrey Kemoli Sagala, D.C. (hereinafter "Defendant Sagala"), and Ernesto Carulla, P.T. (hereinafter "Defendant Carulla") (collectively hereinafter "Defendants") each individually or collectively conspired to, and did in fact, defraud Plaintiffs Liberty and Safeco by perpetuating an insurance billing fraud scheme in violation of state and federal law.

5.     The insurance fraud scheme perpetrated by Defendants was designed to, and did in fact, result in payments from Plaintiffs Liberty and Safeco to Defendants and/or its subsidiaries, agents, etc., directly or on behalf of Plaintiffs Liberty's and Safeco's insureds and claimants.

6.     All of the acts and omissions of Defendants, described throughout this Complaint, were undertaken intentionally.

7.     By this Complaint, and as detailed in each count set out below, Plaintiffs Liberty and Safeco brings this action for: (1) violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) and (d), and/or; (2) common law fraud, and/or; (3) civil conspiracy, and/or; (4) payment under mistake of fact, and/or; (5) unjust enrichment. Plaintiffs Liberty and Safeco also seek declaratory relief that no previously denied and pending claims submitted to it by Defendants are compensable.

8.     As a result of Defendants' fraudulent acts, Plaintiffs Liberty and Safeco, has paid in excess of $1,801,142.40 to Defendants related to the patients at issue in this Complaint.

## II.    THE PARTIES

9.     Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 8 as though fully set forth herein.

### A. **Plaintiffs**

10.     Plaintiff Liberty Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

11.     Plaintiff Liberty Mutual Fire Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Wisconsin that is licensed in Michigan to engage in the business of insurance.

12.     Plaintiff Liberty Mutual Personal Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of New Hampshire that is licensed in Michigan to engage in the business of insurance.

13.     Plaintiff LM General Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

14.     Plaintiff LM Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

15.     Plaintiff LM Property and Casualty Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

16.     Plaintiff The Liberty Surplus Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of New Hampshire that is licensed in Michigan to engage in the business of insurance.

17.     Plaintiff Safeco Insurance Company of America is an insurance company with its principal place of business in Seattle, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

18.     Safeco Insurance Company of Illinois is an insurance company with its principal place of business in Bellevue, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

19.     Safeco Insurance Company of Indiana is an insurance company with its principal place of business in Bellevue, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

**B. Defendants**

**i.     Defendant 4 Transport LLC**

20.     Defendant 4 Transport, Inc. is incorporated under the laws of the State of Michigan.

21.     Defendant 4 Transport is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

22.     At all relevant times, Defendant 4 Transport was operated and controlled by Defendants 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, New Horizon, Spine & Health, First Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

23.     Defendant 4 Transport's principal place of business is located in Dearborn, Michigan.

24.     Defendant 4 Transport billed Plaintiffs Liberty and Safeco for services that were not actually provided, and/or were medically unnecessary (to the extent services were provided

at all), and/or were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Exhibit 1: Spreadsheets of Claims and Payments of Defendant 4 Transport**).

### ii. Defendant 411 Help, LLC d/b/a 411 Therapy

25.     Defendant 411 Help, LLC is a limited liability company organized under the laws of Delaware and is properly licensed to transact business in the State of Michigan.

26.     Defendant 411 Help, LLC (referenced hereinafter as "Defendant 411 Therapy") also does business using the registered name 411 Therapy.

27.     Defendant 411 Therapy is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

28.     At all relevant times, Defendant 411 Therapy was operated and controlled by Defendants 4 Transport, 4 UR Recovery, A1, Gravity Imaging, New Horizon, Spine & Health, First Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

29.     Defendant 411 Therapy's principal place of business is located in Southfield, Michigan.

30.     Defendant 411 Therapy billed Plaintiffs Liberty and Safeco for services that were not actually rendered, were medically unnecessary (to the extent services were rendered at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco.  (**Exhibit 2: Spreadsheets of Claims and Payments of Defendant 411 Therapy**).

### iii. Defendant 4 UR Recovery Therapy, LLC

31. Defendant 4 UR Recovery Therapy LLC is organized under the laws of the State of Michigan.

32. Defendant 4 UR Recovery is owned by Defendant Mirna Fayad, who is a citizen of the State of Michigan.

33. At all relevant times, Defendant 4 UR Recovery was operated and controlled by Defendants 4 Transport, 411 Therapy, A1, Gravity Imaging, New Horizon, Spine & Health, First Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

34. Defendant 4 UR Recovery's principal place of business is located in Detroit, Michigan.

35. Defendant 4 UR Recovery billed Plaintiffs Liberty and Safeco for services that were not actually rendered, were medically unnecessary (to the extent services were rendered at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Exhibit 3: Spreadsheets of Claims and Payments of Defendant 4 UR Recovery**).

### iv. Defendant A1 Occupational Therapy LLC

36. Defendant A1 Occupational Therapy LLC is organized under the laws of the State of Michigan.

37. Defendant A1 is owned by Defendants Hassan Fayad and Mirna Fayad, who are both citizens of the State of Michigan.

38. At all relevant times, Defendant A1 was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, Gravity Imaging, New Horizon, Spine & Health, First

Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

39. Defendant A1's principal place of business is located in Southfield, Michigan.

40. Defendant A1 billed Plaintiffs Liberty and Safeco for services that were not actually rendered, were medically unnecessary (to the extent services were rendered at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Exhibit 4: Spreadsheets of Claims and Payments of Defendant A1**).

### v. Defendant Gravity Imaging, LLC

41. Defendant Gravity Imaging, LLC is organized under the laws of the State of Michigan.

42. Defendant Gravity Imaging is owned by Defendants Hassan Fayad and Mirna Fayad, who are both citizens of the State of Michigan.

43. At all relevant times, Defendant Gravity Imaging was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, New Horizon, Spine & Health, First Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

44. Defendant Gravity Imaging's principal place of business is located in Madison Heights, Michigan, sharing the building with Defendant First Medical.

45. Defendant Gravity Imaging billed Plaintiffs Liberty and Safeco for services that were medically unnecessary (to the extent services were rendered at all) and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Exhibit 5: Spreadsheets of Claims and Payments of Defendant Gravity**).

### vi.   Defendant Spine & Health PLLC

46.     Defendant Spine & Health PLLC is organized under the laws of the State of Michigan.

47.     Defendant Spine & Health PLLC also does business using the registered name SHP Services to provide medications to patients through a non-licensed office manager, and other non-licensed office personnel, without proper licensing.

48.     Defendant Spine & Health PLLC is owned by Defendant Gonte, who is a citizen of the State of Michigan.

49.     At all relevant times, Defendant Spine & Health PLLC was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, New Horizon, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

50.     Defendant Spine & Health PLLC's principal place of business is located in Southfield, Michigan.

51.     Defendant Spine & Health PLLC billed Plaintiffs Liberty and Safeco for services that were not actually provided, were medically unnecessary (to the extent services were provided at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco.  (**Exhibit 6: Spreadsheets of Claims and Payments of Defendant Spine & Health PLLC, Spine & Health II PLLC, First Medical Group, & William Gonte, MD**).

### vii.   Defendant Spine & Health II PLLC

52.     Defendant Spine & Health II PLLC is organized under the laws of the State of Michigan.

53.     Defendant Spine & Health II PLLC also does business using the registered fictitious name SHP Services to provide medications to patients through a non-licensed office manager without proper licensing.

54.     Defendant Spine & Health II PLLC is the secondary location of Defendant Spine & Health PLLC located in Clinton Twp. MI and operates in the same manner and scheme as Defendant Spine & Health PLLC.

55.     Defendant Spine & Health II PLLC is owned by Defendant Gonte, who is a citizen of the State of Michigan.

56.     At all relevant times, Defendant Spine & Health II PLLC was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, New Horizon, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

57.     Defendant Spine & Health II PLLC billed Plaintiffs Liberty and Safeco for services that were not actually provided, were medically unnecessary (to the extent services were provided at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco.  (**Ex. 6**).

### viii.     Defendant New Horizon Chiropractic PLLC

58.     Defendant New Horizon Chiropractic PLLC is organized under the laws of the State of Michigan.

59.     Defendant New Horizon is owned by Defendant Sagala, who is a citizen of the State of Michigan.

60.     At all relevant times, Defendant New Horizon was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health,

First Medical, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla..

61.     Defendant New Horizon's principal place of business is located in Dearborn, Michigan.

62.     Defendant New Horizon billed Plaintiffs Liberty and Safeco for services that were not actually provided, were medically unnecessary (to the extent services were provided at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Exhibit 7: Spreadsheet of Claims and Payments of Defendant New Horizon**).

### ix.     First Medical Group PLLC

63.     Defendant First Medical Group, PLLC is organized under the laws of the State of Michigan.

64.     Defendant First Medical is owned by Defendant Gonte who is a citizen of the State of Michigan.

65.     Defendant First Medical operates as the successor to Defendant Spine & Health PLLC.

66.     At all relevant times, Defendant First Medical was operated and controlled by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, New Horizon, 4 Health, HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla.

67.     Defendant First Medical's principal place of business is located in Madison Heights, Michigan, in the same building as Defendant Gravity Imaging.

68.     Defendant First Medical billed Plaintiffs Liberty and Safeco for services that were not actually provided, were medically unnecessary (to the extent services were provided at all), and were unlawful in relation to several claims made under policies of insurance with Plaintiffs Liberty and Safeco. (**Ex. 6**).

        **x.**    **Defendant 4 Health Management LLC**

69.     Defendant 4 Health Management LLC is organized under the laws of the State of Michigan.

70.     Defendant 4 Health is owned by Hassan Fayad, who is a citizen of the State of Michigan.

71.     Defendant 4 Health's principal place of business is located in Dearborn, Michigan.

72.     Defendant 4 Health illegally and improperly induced individuals to undergo the aforementioned unlawful and medically unnecessary treatment (to the extent treatment was provided at all) billed to Plaintiffs Liberty and Safeco by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical through unlawful solicitation, including contacting individuals mere hours after accidents occurred.

        **xi.**    **Defendant HMRF Fund III LLC**

73.     Defendant HMRF Fund III LLC is organized under the laws of the State of Texas.

74.     Defendant HMRF III is owned by Ovation Alternative Income Fund, L.P., a limited partnership for which all partners are citizens of the State of Texas.

75.     Defendant HMRF III 's principal place of business is located in Austin, Texas.

76.     Defendant HMRF III is owned by Ovation Alternative Income Fund, L.P. and/or Ovation Management LLC, a limited partnership for which all partners are citizens of the State of Texas.

77.     Defendant HMRF III provided the liquidity and funding that allowed Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical to bill for the medically unnecessary and unlawful treatment detailed herein.

78.     Defendant HMRF III also is also believed to have purchased accounts receivable from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical and pursued said billing for medically unnecessary and unlawful treatment detailed herein.

### xii.     Defendant HMRF Fund IV LLC

79.     Defendant HMRF Fund IV LLC is organized under the laws of the State of Texas.

80.     Defendant HMRF IV is owned by Ovation Alternative Income Fund, L.P. and/or Ovation Management LLC, a limited partnership for which all partners are citizens of the State of Texas.

81.     Defendant HMRF IV 's principal place of business is located in Austin, Texas.

82.     Defendant HMRF IV provided the liquidity and funding that allowed Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical to bill for the medically unnecessary and unlawful treatment detailed herein.

83.     Defendant HMRF IV also is also believed to have purchased accounts receivable from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical and pursued said billing for medically unnecessary and unlawful treatment detailed herein.

### xiii.     Defendant Velocity MRS Fund IV

84.     Defendant Velocity MRS Fund IV is organized under the laws of the State of Texas.

85.     Defendant Velocity IV is owned by Ovation Alternative Income Fund, L.P. and/or Ovation Management LLC, a limited partnership for which all partners are citizens of the State of Texas.

86.     Defendant Velocity IV 's principal place of business is located in Austin, Texas.

87.     Defendant Velocity IV provided the liquidity and funding that allowed Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical to bill for the medically unnecessary and unlawful treatment detailed herein.

88.     Defendant Velocity IV also is also believed to have purchased accounts receivable from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical and pursued said billing for medically unnecessary and unlawful treatment detailed herein.

### xiv.     **Defendant Velocity MRS Fund V**

89.     Defendant Velocity MRS Fund V is organized under the laws of the State of Texas.

90.     Defendant Velocity V is believed to be owned by multiple individuals in multiple states in the United States with its principle place of business located in Texas.

91.     Defendant Velocity V's principal place of business is located in Austin, Texas.

92.     Defendant Velocity V provided the liquidity and funding that allowed Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical to bill for the medically unnecessary and unlawful treatment detailed herein.

93.     Velocity V also is also believed to have purchased accounts receivable from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health,

New Horizon, and First Medical and pursued said billing for medically unnecessary and unlawful treatment detailed herein.

### xv. Defendant Velocity MRS Fund VI

94. Defendant Velocity MRS Fund VI is organized under the laws of the State of Texas.

95. Defendant Velocity IV is owned by Ovation Alternative Income Fund, L.P. and/or Ovation Management LLC, a limited partnership for which all partners are citizens of the State of Texas.

96. Defendant Velocity IV 's principal place of business is located in Austin, Texas.

97. Defendant Velocity IV provided the liquidity and funding that allowed Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical to bill for the medically unnecessary and unlawful treatment detailed herein.

98. Defendant Velocity IV also is also believed to have purchased accounts receivable from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical and pursued said billing for medically unnecessary and unlawful treatment detailed herein.

### xvi. Defendant National Health Finance DM, LLC

99. Defendant National Health Finance DM, LLC is organized under the laws of the State of Arizona.

100. Defendant National Health is owned by Mark Siegel, D.O. and David Wattel, both of whom are citizens of the State of Arizona.

101.    Defendant National Health's principal place of business is located in Austin, Texas.

102.    Defendant National Health provided the liquidity and funding that allowed Gravity Imaging to bill for the medically unnecessary and unlawful treatment detailed herein.

### xvii.    **Defendant Hassan Fayad**

103.    Defendant Hassan Fayad is a resident and citizen of the State of Michigan.

104.    At all relevant times, Defendant Hassan Fayad operated and/or managed and/or controlled Defendant facilities 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, First Medical, and 4 Health.

### xviii.    **Defendant Mirna Fayad**

105.    Defendant Mirna Fayad is a resident and citizen of the State of Michigan.

106.    At all relevant times, Defendant Mirna Fayad operated and/or managed and/or controlled Defendant facilities 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical.

### xix.    **Defendant William Gonte, M.D.**

107.    Defendant William Gonte, M.D. is a resident and citizen of the State of Michigan.

108.    At all relevant times, Defendant Gonte operated and/or managed and/or controlled and/or supervised personnel at Defendant facilities Spine & Health and First Medical.

### xx.    **Defendant Geoffrey Kemoli Sagala, D.C.**

109.    Defendant Geoffrey Kemoli Sagala, D.C. is a resident and citizen of the State of Michigan.

110.    At all relevant times, Defendant Sagala operated and/or managed and/or controlled Defendant facility New Horizon.

**xxi.**   **Defendant Ernesto Carulla, P.T.**

111.   Defendant Ernesto Carulla, P.T. is a resident and citizen of the State of Michigan.

112.   At all relevant times, Defendant Carulla operated and/or managed and/or controlled Defendant facilities 411 Therapy, 4 UR Recovery, and A1.

### III.   JURISDICTION AND VENUE

113.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 111 as though fully set forth herein.

114.   Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action relating to the claims brought by Plaintiffs Liberty and Safeco under 18 U.S.C. § 1961, *et seq.* because they arise under the laws of the United States.

115.   Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 against each defendant and because it is between citizens of different states (as detailed in the foregoing section).

116.   Supplemental jurisdiction over Plaintiffs Liberty and Safeco's state law claims is proper pursuant to 28 U.S.C. § 1367.

117.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) whereas the vast majority of the acts at issue in this Complaint were carried out within the Eastern District of Michigan.

### IV.   BACKGROUND ON THE DEFENDANTS AND THEIR SCHEME

**A.   Overview of involvement of Defendant Mirna Fayad; Defendants Gonte; Sagala; Carulla; and their businesses and clinics, including Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, and 4 Health.**

118.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 117 as though fully set forth herein.

119.    Defendants used the Defendant medical provider entities to submit exorbitant charges to Plaintiffs Liberty and Safeco for purported medical services, procedures, and equipment that were not actually provided, were unlawful, were not medically necessary, and/or were fraudulently billed.

120.    The fraudulent scheme described herein was driven by Defendant Hassan Fayad; his family, including Defendant Mirna Fayad; Defendants Gonte; Sagala; Carulla; and their businesses and clinics, including Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, and 4 Health.

121.    Defendants Hassan Fayad, Mirna Fayad, their family, and their associates oversaw a vast network of runners, solicitors, call center(s) and medical providers who worked in concert to identify individuals, sometimes through purchase unlawfully requested police reports of various precincts in Michigan, who claimed to have been involved in motor-vehicle accidents, and to unlawfully and improperly induce such individuals to present to Defendant medical providers, including holding themselves out to be agents for attorneys, hospitals, and Plaintiffs Liberty and Safeco to generate claims to Plaintiffs Liberty and Safeco, including through cash payments to patients in exchange for purported treatment.

122.    After patients were unlawfully and improperly induced to seek medical treatment that they did not actually need and that they did not seek out of their own volition, they were directed to medical clinics owned or controlled by the Defendants, including Defendant Spine & Health, where Hassan Fayad dictated and controlled the treatment and referrals through direct and secondary control through his hand selected and former co-worker Toni Wallace (office manager of Defendants Spine & Health and First Medical), which invariably resulted in millions of dollars of charges submitted by Defendant entities 4 Transport, 411 Therapy, 4 UR Recovery,

A1, and Gravity Imaging owned and operated by him and his family, including, but not limited to Defendant Mirna Fayad.

123.    Moreover, at Defendant Spine & Health's facility, Defendant Hassan Fayad, directly and indirectly through his agent Toni Wallace, would induce and place undue duress on medical and/or professional and/or other staff to prescribe unwarranted and unnecessary medical treatment, services, prescriptions, etc.

124.    Hassan Fayad also controlled defendant New Horizon, as confirmed by numerous actions and records.

125.    For example, a commercial for Defendant 411 Therapy clearly depicts a patient presenting for treatment at New Horizon:



126.    The telephone number 833-I'M-IN-PAIN is owned and operated by Defendant Hassan Fayad and 411 Therapy is also used by 411 Therapy and 4 Transport, confirming that all of these entities operate as part of the same network:





127.    Defendant New Horizon has submitted bills to Plaintiffs Liberty and Safeco claiming that the location of purported treatment was at "H & K Holding Group LLC," which is another entity owned and operated by Defendant Hassan Fayad.

128.    Defendant 4 Ur Recovery has also submitted claims to Plaintiffs Liberty and Safeco representing that the place of service was at H & K Holding Group LLC.

129.    In addition to solicitous phone calls from persons directly or indirectly employed or affiliated with Defendant Hassan Fayad, Defendant Hassan Fayad also confirmed that the call center owned by Defendant 411 Therapy, and based in New Jersey, processes information provided by claimants purporting to be in auto accident and that this information is then

forwarded to Defendant Hassan Fayad, the intake representative for Defendant 411 Therapy, and Defendant 4 Transport, to begin the fraudulent referral scheme to each facility controlled by Defendant Hassan Fayad.

130.    Patients have reported to Plaintiffs Liberty and Safeco that they were referred to Defendant New Horizon from the other Defendant entities, including from Defendant 411 Therapy, which did not employ any healthcare professional qualified to make a chiropractic referral.

131.    Defendants New Horizon and Sagala also participated in the operation and control of the other entity defendants.

132.    For example, Defendant New Horizon faxed bills for purported MRIs by Defendant Gravity Imaging to Liberty.

133.    Defendants Spine & Health and New Horizon use Defendants Gonte and Sagala as the ostensible owners because they are medical and chiropractic clinics that cannot be owned by laypersons such as Defendant Hassan Fayad and his family.

134.    Defendants were members of a "cooperative" that would routinely refer each and every patient for every form of treatment available at each facility in an effort to drive up expenses to be submitted to Plaintiffs Liberty and Safeco.

135.    After the formation of Defendant Spine & Health, which was the successor to Spine.Health[1], claimants, most directly solicited to begin treatment, were sent to this facility and later Defendant First Medical Group, where Defendant Hassan Fayad personally controlled their

---

[1] Spine.Health contracted with Defendant Hassan Fayad's company 4 Stars Management to provide management services, including hiring personnel, fronting the costs for the build out of the facility, etc. in exchange for a percentage of the billings paid.

referrals, both directly and indirectly through his hand selected colleague from his time at Walmart, Toni Wallace, to the other medical providers he owned and controlled.

136.    As detailed below, Defendant Spine & Health used a predetermined treatment protocol to maximize the amount of charges generated by the associated clinics, including prescriptions for physical therapy and occupational therapy (billed by Defendants 411 Therapy, 4 UR Recovery, and A1), orders for MRIs (billed by Defendant Gravity Imaging), issuance of disability certificates claiming patients needed medical transportation (billed by Defendant 4 Transport), and orders for prescriptions (billed by Defendant Spine & Health PLLC under its d/b/a SHP Services).

137.    Defendant Hassan Fayad also organized Defendant 4 Health to facilitate Defendants' unlawful and improper solicitation, inducement, and kickbacks.

138.    Defendant 4 Health's Articles of Organization state that the purpose of the business is "Health Referral and Marketing," which is a clear cover for the actions taken by Defendant Fayad and his runners.

### B.   Role of HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity VI, and National Health in Aiding and Perpetuating the Fraudulent Scheme

139.    In order to monetize their fraudulent claims without waiting for claim investigations by insurers, Defendant facilities 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, and First Medical entered into contracts whereby they sold their right, at or below wholesale price, to collect No-Fault payments for the services allegedly performed to third parties, including Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity IV, and National Health.

140.    In addition to this selling of at wholesale price of receivables, one or more of these funding companies, Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity

IV, and National Health, along with 4 Health, are believed to have funded the startup and overhead costs of Defendant Spine & Health to have in place a facility that would have the medical licensure to carry out the fraudulent scheme.

141.    Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity IV, and National Health were aware that the defendants' claims were fraudulent and were unlikely to be paid by insurers upon investigation, as evidenced by the fact that they paid just a small fraction of the amounts billed by the defendants to acquire their accounts receivable.

142.    Although Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, and Velocity IV, are based in Texas, and Defendant National Health in Arizona, they routinely sent representatives to Michigan to oversee and assist with the operations of Defendant facilities 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, and First Medical.

143.    Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity IV, and National Health participated in the operation and control of the other Defendant facilities in several ways, including by having their Chief Legal Officer prepare the assignment of benefit forms 4 Transport required patients to sign.

144.    Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity IV, and National Health also mailed claims containing the misleading and fraudulent records generated by Defendant Spine & Health as support for the medical necessity for the treatment, products, and services provided by the other Defendant facilities to Plaintiffs Liberty and Safeco seeking payment for the same.

145.    The total amount of the funding provided by Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, Velocity IV, and National Health to facilitate the fraud committed by

the Defendant entities was substantial and additional to the funds used to support the startup of Defendant Spine & Health.

146.     Defendants HMRF III, HMRF IV, Velocity IV, Velocity V, and Velocity IV have alleged in separate litigation that they paid Gravity Imaging at least $5,329,531.35 for receivables totaling at least 16,150,095.00, 4 Transport at least $2,557,008.00, 411 Therapy at least $1,669,295.00, and Spine & Health at least $579,264.00.

## V.     SPECIFICS OF CLAIMS SUBMITTED AND FRAUDULENT ACTIONS BY DEFENDANTS

147.     Plaintiffs Liberty and Safeco reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 146 as though fully set forth herein.

148.     In furtherance of the fraudulent scheme outlined above, treatment was conferred by nurse practitioners and/or physician's assistants at Defendant Spine & Health and First Medical Group outside the terms, or completely absent of the lawfully required, scope of practice and/or practice agreements between Defendant Gonte and these individuals.

149.     In addition to the treatment being unlawfully provided, the records created by these individuals contain information regarding examinations that did not occur with diagnosis(es) that were wholly unsupported by any exam and were unsupported by the medical records.

150.     That Defendant Gonte, with the aid of Defendant Hasan Fayad, directed multiple nurse practitioners and physician's assistants to enter diagnosis(es) to support the unnecessary treatment, tests, prescriptions, etc. provided by Defendant controlled facilities to further defraud Plaintiffs Liberty and Safeco.

151. Defendant First Medical is merely a continuation of Defendant Spine & Health's business using a separate name to attempt to conceal the fraudulent conduct and has and is carrying out the same scheme as done by Defendant Spine & Health.

152. Defendant Hassan Fayad's control over Defendant Spine & Health was explained by nurse practitioners and physician's assistants at the clinic, who testified that Defendant Spine & Health is actually owned and/or managed by Defendant Hassan Fayad and run by members of his family.

153. Moreover, these individuals testified that Defendant Hassan Fayad, who holds no medical licensure or certification, would hold meetings at Defendant entities 411 Help with employees of Defendant facilities 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, and First Medical and state that individuals that were not prescribing MRIs, physical therapy, medications, and durable medical devices would be fired.

154. In addition to these meetings the other office manager at Defendant Spine & Health and First Medical (Toni Wallace), who also lacked any medical licensure or certification, would place recommendations on patient charts to ensure prescriptions and referrals to the other Defendant facilities.

155. That one of the physician's assistants previously employed with Defendant Spine & Health testified that not only are the physical exams unable to be completed by medical staff that are required to use the form template, but that the entirety of durable medical equipment, medications (with the exception of non-steroidal anti-inflammatories), physical therapy, diagnostic testing, and other recommended treatment options were wholly unnecessary and were only provided under direct orders from Defendant Hassan Fayad.

A. **Specific claims submitted to Plaintiffs Liberty and Safeco**

156.    In addition to the overview of fraudulent conduct outlined above, Defendants

faxed, mailed, and/or e-mailed fraudulent bills and medical records, some of which were

provided as a result of unlawful solicitation to the following patients:

- Patient JB, claim number 127308336036 was purportedly seen and evaluated by a physician's assistant at Spine & Health PLLC.  The physician's assistant testified that no such exam was performed as indicated in the records and that the entirety of the prescriptions and referrals made to other medical providers was unnecessary and not medically supported.  Moreover, the prescription that was filled by 411 Help[2] for an OrthoCor Device had a forged signature on the prescription for the physician's assistant.  Medical bills based on and for these fraudulent and non-performed exams were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient ME, claim number 044399047 similarly was seen and evaluated by the same physician's assistant as patient JB at Spine & Health PLLC.  As stated, the physician's assistant testified that no such exam was performed as indicated in the records and that the entirety of the prescriptions and referrals made to other medical providers was unnecessary and not medically supported.  Moreover, the prescription that was filled by 411 Help[2] was a photocopy filled out by one of the medical office assistants without the permission of the physician's assistant.  Medical bills based on and for these fraudulent and non-performed exams were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient BP, claim number 044115583, testified that he recalled receiving an unlawful solicitation call from Defendants to seek treatment through their facility.  He further testified that Defendant First Medical, while being seen by different medical personnel than patients JB and ME, did not perform any type of examination and instead simply pushed medications on him instead of attempting to treat his conditions.  Moreover, it is believed that one or more other individuals involved in the accident with him, two of which asked him to get in a taxicab back to a party, were either employed or directed by Defendants to stage the subject accident.  Medical bills based on and for these fraudulent and non-performed exams were submitted for payment by Defendants 4 Transport and Spine & Health PLLC (along with a second provider that is unnamed in this complaint, but is under federal indictment for the illegal purchase of police reports to solicit auto accident victims),

---

[2] Testimony from both the manager/owner of Defendant 411 Help, Defendant Hassan Fayad and his sister, Defendant Mirna Fayad, and multiple employees of Defendants Spine & Health and First Medical could provide any facts or details as to how these devices are ordered, billed, or referred to Defendant 411 Help over the course of multiple depositions.

including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient DG, claim number 041897030, recalls receiving a phone call while in the emergency room immediately after his motor-vehicle accident by an agent, believed to be Sharon, of Defendants stating that she had the patient's social security number and file setup, along with a referral to an attorney.  Patient DG communicated this to patient GG who was also involved in the accident and both were picked up by a van from Defendants 411 Help and/or 4 Transport the next day to be taken to the selected attorney's office and Defendants facilities to begin treatment.  Patient GG experienced similar limited exams as documented and testified to by the physician's assistant that also treated patients JB and ME.  Medical bills based on and for these fraudulent and non-performed exams and unlawful solicitation were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient KC, claim number 040964264, similarly recalls being called by Defendants, this time purporting to be St. John Hospital, where the patient was taken after the accident and then began fraudulent treatment plan.  This included treatment at Defendant Spine & Health that included a referral and prescription for a cold/hot/contrast circulatory and DVT compression therapies and letter of medical necessity that was not fully filled out as to the device to be prescribed without any medical basis for its use by the patient per the testimony of the physician's assistant that generated the incomplete prescription.  The physician's assistant further clarified that the only basis for signing this document was based on the directive and mandate by Defendant Hassan Fayad directly and through Toni Wallace to prescribe this device to drive up the cost and frequency of billable events relating to the patient. She further testified that she was informed that the specifics of the device to be selected, the number of uses by the patient per day, compression settings, and controlled therapy type would be filled out by the company dispensing the device. At the time of signing the document, she had no idea as to the device that would be selected or if the device would have any benefit in terms of recovery or aid to the patient. Additionally, the physician's assistant filled out an employment disability document to patient KC's employer based solely on subjective complaints and information provided by patient KC without any objective medical substantiation for the information contained in the document.  This was due to the physician's assistant's directive from Defendant Hassan Fayad directly and through Toni Wallace in filling out these types of forms that she should put whatever the patient wanted on the form to keep them happy instead of on the basis of medical rationale.  This same issue is present in disability forms signed by Defendant Gonte to federal entities. Medical bills based on and for these fraudulent and non-performed exams and unlawful solicitation were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient LC, claim number 040964264, began treatment with Defendants at the direction of patient KC and the unlawful solicitation call patient KC received. This included treatment at Defendant Spine & Health that included and MRI referral to Defendant Gravity by a physician's assistant that testified this referral was based solely on the directive and mandate by Defendant Hassan Fayad directly and through Toni Wallace. Medical bills based on and for these fraudulent and non-performed exams and unlawful solicitation were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

- Patient CO, claim number 041918730, began treatment with Defendants and was evaluated by a physician's assistant at Defendant Spine & Health that included a referral and prescription for a cold/hot/contrast circulatory and DVT compression therapies and letter of medical necessity that was not fully filled out as to the device to be prescribed without any medical basis for its use by the patient per the testimony of the physician's assistant that generated the incomplete prescription. The physician's assistant further clarified that the only basis for signing this document was based on the directive and mandate by Defendant Hassan Fayad directly and through Toni Wallace to prescribe this device to drive up the cost and frequency of billable events relating to the patient. She further testified that she was informed that the specifics of the device to be selected, the number of uses by the patient per day, compression settings, and controlled therapy type would be filled out by the company dispensing the device. At the time of signing the document, she had no idea as to the device that would be selected or if the device would have any benefit in terms of treatment to the patient. Medical bills based on and for these fraudulent and non-performed exams and unlawful solicitation were submitted for payment by Defendants, including improper levels of initial visits and reexaminations, which were billed at higher levels in terms of time then what the exams actually took.

157. These claims, along with countless others included as part of damages sought in this action with the same or similar issues, were submitted by Defendants as a result of unlawful and fraudulent conduct/records for payment to Plaintiffs Liberty and Safeco.

## VI. **DAMAGES**

158. The aforementioned scheme and actions by Defendants injured Plaintiffs Liberty and Safeco through Defendants violation of law.

159. Pursuant to exhibits 1 through 7, Plaintiffs Liberty's and Safeco's injury includes, but is not limited to, compensatory damages in excess of $1,690,771.23.

160.    The aforementioned exhibits 1 through 7, identify monies paid by Plaintiffs Liberty and Safeco to and for the benefit of Defendants by date, payor, patient claim number, check number, and amount.

161.    None of these payments have been reimbursed at this point.

162.    Moreover, every payment identified in exhibits 1 through 7 were checks sent by Plaintiffs Liberty and Safeco to the Defendants entities through the U.S. Mail.

163.    As such, Defendants knew that the U.S. Mail would be used as part of their scheme to defraud as Defendants only faxed and mailed medical records and bills for the purpose of having Plaintiffs Liberty and Safeco rely on such documents and mail payment in response thereto.

164.    Plaintiffs Liberty and Safeco also seeks damages, in an amount to be determined at trial, related to the cost of claims handling/adjustment for claims mailed and faxed by Defendants and their affiliated Defendant entities.

165.    Plaintiffs Liberty and Safeco investigated each of the Defendants both individual and in connection with the comprehensive scheme detailed herein and incurred investigative and claims handling expenses with respect to each Defendant.

## VII.    CAUSES OF ACTION

### COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) (DEFENDANTS ENTERPRISE) AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

166.    Plaintiffs Liberty and Safeco reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 165 as though fully set forth herein.

167.     Defendants collectively constitutes an enterprise, as defined in 18 U.S.C. § 1961(4), engaged in, and the activities of which affect, interstate commerce.

168.     In connection with each of the claims identified in the within Complaint, Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, HMRF III, HMFR IV, Velocity IV, Velocity V, Velocity VI, and National Health, along with the direct aid and control of Defendants Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla, along with Defendant Hassan Fayad's company, Defendant 4 Health, intentionally caused to be prepared, faxed, and mailed false medical documentation, or knew that such false medical documentation would be faxed and mailed in the ordinary course of each facilities' business, or should have reasonably foreseen that the mailing of such false medical documentation by each facility would occur, in furtherance of Defendants' scheme to defraud.

169.     Defendants knew that two (2) or more faxes and mailings would be sent to demand and receive payment from Plaintiffs Liberty and Safeco for each date of service of alleged treatment provided patients pertaining to several claims made under policies of insurance with Plaintiffs Liberty and Safeco.  (**Exs. 1 through 7**).

170.     As documented above, Defendants repeatedly and intentionally submitted, caused to be submitted, or knew that documentation would be submitted to Plaintiffs Liberty and Safeco for medical services that were purportedly performed each entity, which they knew would be billed by the respective facility, in order to collect payment from Plaintiffs Liberty and Safeco under applicable provisions of the Michigan No-Fault Act.

171.     Defendants Hassan Fayad and Mirna Fayad owned and managed Defendants 411 Therapy, 4 UR Recovery, A1, and Gravity Imaging, and were responsible for all actions taken by these facilities and their respective staffs.

172.     Defendant Carulla was responsible for the excessive and medically unnecessary physical therapy billed by Defendant 411 Therapy, if treatment was rendered at all.

173.     Defendant 4 Transport was responsible for transporting patients to Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical, for unnecessary treatment, which allowed these facilities to submit bills to Plaintiffs Liberty and Safeco.

174.     Defendants Hassan Fayad, Mirna Fayad, and 4 Health were responsible for the illegal solicitation and inducement of patients and improper referrals that resulted in unlawful and unnecessary treatment by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical that were billed to Plaintiffs Liberty and Safeco.

175.     Defendants Spine & Health and First Medical generated fraudulent records in furtherance of the enterprise's objectives to create the false appearance of need for performing lawful and necessary treatment and/or services to the patients at issue herein.

176.     Defendant Gonte, along with numerous physician's assistants and nurse practitioners who were unlawfully rendering treatment in the absence of practice agreements and scope of practices agreements respectively, was responsible for unnecessary prescriptions and disability for treatment and/or services falsely related to injuries allegedly uncovered in examinations that were in whole or in part not done at Defendants Spine & Health and First Medical.

177.     Additionally, Defendant Gonte, under the direction of Defendant Hassan Fayad, would allege false injuries in the form of radiculitis to multiple levels of the spine, which was included in medical record template that was unable to be altered in terms of removing items by

the numerous physician's assistants and nurse practitioners who are or were employed by Defendants Spine & Health and First Medical.

178.    Defendant Gravity Imaging billed Plaintiffs Liberty and Safeco for medically unnecessary MRIs, which were used to create the appearance that Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Spine & Health, New Horizon, and First Medical were performing lawful and necessary treatment and/or services to the patients at issue herein and the false appearance that patients needed treatment.

179.    Billings from Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical were also sought through purchase as accounts receivable by Defendants HMRF III, HMFR IV, Velocity IV, Velocity V, Velocity VI, and National Health based on the same unlawful and fraudulent alleged treatment.

180.    Defendants submitted, or caused to be submitted, false and fraudulent medical records, bills, and invoices that created the appearance of injury and permitted each facility to continue providing unlawful and medically unnecessary treatment, if provided at all.

181.    As a result of, and in reasonable reliance on, these misleading documents and representations, Plaintiffs Liberty and Safeco, by its agents and employees, issued payment drafts to Defendants that would not otherwise have been paid.

182.    The Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Plaintiffs Liberty and Safeco's injuries.

183.    By virtue of the Defendants' violation of 18 U.S.C. § 1962(c), Plaintiffs Liberty and Safeco are entitled to recover from them three times the damages sustained by reason of the claims submitted, caused to be submitted, or known to be submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

**COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. (DEFENDANTS
ENTERPRISE) AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR
RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON,
FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V,
VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA**

184.    Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 183 as though fully set forth herein.

185.    Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla conspired with each other to violate 18 U.S.C. § 1962(c) through the facilitation of the operation of each named facility that rendered/provided treatment/services.

186.    Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla each agreed to further, facilitate, support, and operate Defendants enterprise.

187.    As such, Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla conspired to violate 18 U.S.C. § 1962(c) through means of direct solicitation and referral of each patient to each entity alleging that it provided treatment and/or services.

188.    The purpose of the conspiracy was to obtain insurance payments from Plaintiffs Liberty and Safeco on behalf of each entity even though said entity was not eligible to collect such payments by virtue of its unlawful conduct.

189.    Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla were aware of this purpose and agreed to take steps to meet the enterprise's conspiracies' objectives, including the creation and submission of claims for No-Fault benefits to Plaintiffs Liberty and Safeco and medical records containing misrepresentations arising from the unlawful and unprovided alleged treatment/services.

190.    Plaintiffs Liberty and Safeco have been injured and damaged in its business and property by reason of this conspiratorial conduct in that Plaintiffs Liberty and Safeco have been induced to make insurance payments to Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla as a result of each entities' and persons' unlawful conduct as set forth above.

191.    By virtue of the Defendants' violation of 18 U.S.C. § 1962(d), Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, 4 Health, Velocity IV, Velocity V, Velocity IV, HMRF III, HMFR IV, HMRF V, National Health, Hassan Fayad, Mirna Fayad, Gonte, Sagala, and Carulla are jointly and severally liable to Plaintiffs Liberty and Safeco, entitling Plaintiffs Liberty and Safeco to recover from each three times the damages sustained by reason of the claims submitted by or on behalf of each entity, and others acting in concert with them, together with the costs of this lawsuit, including reasonable attorney's fees.

**COUNT III — COMMON LAW FRAUD AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA**

192.    Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 191 as though fully set forth herein.

193.    Defendants intentionally and knowingly made or caused to be made false and fraudulent statement of material fact to Plaintiffs Liberty and Safeco by submitting, and causing to be submitted, bills and related documentation for services that were either not performed, or were medical unnecessary.

194.    The false statements of material fact include, but are not limited to, those misrepresentation as identified in the foregoing paragraphs.

195.     Defendants knew that these misrepresentations were false and fraudulent at the time they were made and submitted to Plaintiffs Liberty and Safeco for consideration of payment of said allowable expenses under the Michigan No-Fault Act.

196.    Defendant made the above-described misrepresentations and engage in such conduct to induce Plaintiffs Liberty and Safeco to rely on the misrepresentations.

197.    Plaintiffs Liberty and Safeco reasonable relied upon such material misrepresentations to its detriment in paying numerous non-meritorious bills for allowable expenses in the form of treatment and/or services under the Michigan No-Fault Act and incurred expenses related to the adjustment and processing of claims submitted by Defendants.

198.    As a direct and proximate result of Defendants fraudulent representations and acts, Plaintiffs Liberty and Safeco have been damaged in their respective business and property as previously described herein.

**COUNT IV — CIVIL CONSPIRACY AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA**

199.    Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 198 as though fully set forth herein.

200.    Defendants combined and concerted to accomplish the unlawful purpose of defrauding Plaintiffs Liberty and Safeco by submitting claims for payment pursuant to applicable provisions of the Michigan No-Fault Act to which they were not entitled because (1) Defendants did not actually render the treatment and/or services for which claims were submitted, (2) Defendants did not provide reasonable necessary treatment and/or services, (3) Defendant did not lawfully render treatment, and/or (4) Defendants engaged in fraudulent billing practices.

201.    Defendants worked together to achieve an unlawful purpose, i.e. defrauding Plaintiffs Liberty and Safeco, for personal gain.

202.    This purpose was known to all Defendants and intentionally pursued.

203.    Despite knowing that Defendants were not entitled to payment pursuant to applicable provisions of the Michigan No-Fault Act because they billed for treatment and/or services that were (1) not actually provided, (2) were not reasonably necessary, (3) were not lawfully rendered, and/or (3) were fraudulent billed, Defendants nonetheless submitted, caused to be submitted, or knew that claims would be submitted (with accompanying false medical documentation) to Plaintiffs Liberty and Safeco seeking payment.

204.    In reasonable reliance on Defendants false medical documentation that were submitted to Plaintiffs Liberty and Safeco, which then paid certain of the claims submitted.

205.    Defendants directly benefited from the payments made to each entity.

206.    All Defendants actively and intentionally participated in a scheme to defraud Plaintiffs Liberty and Safeco and also encouraged and aided other Defendants in the commission of acts done for the benefit of all Defendants and to the unjustified detriment of Plaintiffs Liberty and Safeco.

207.    Accordingly, all of the defendants are equally liable for the fraud perpetrated on Plaintiffs Liberty and Safeco pursuant to their conspiracy.

**COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA**

208.    Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 207 as though fully set forth herein.

209.    Plaintiffs Liberty and Safeco paid the amounts described herein under a misunderstanding, misapprehension, error, fault, or ignorance of material facts, namely, the scheme to defraud Plaintiffs Liberty and Safeco by misrepresenting the fact, lawfulness, and necessity of treatment and/or services purportedly provided and billed by Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical.

210.    Plaintiffs Liberty and Safeco sustained damages by paying under a mistake of fact the claims submitted by Defendants, which misrepresented the fact, reasonableness, necessity, and lawfulness of the medical services allegedly rendered and whether the patient's injury arose out of a motor-vehicle accident.

211.    Defendants 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, and First Medical, and Defendants HMRF III, HMFR IV,

Velocity IV, Velocity V, and Velocity VI through their pursuit of accounts receivable purchased from said entities, individually and jointly, would be unjustly enriched if permitted to retain the payments made to them by Plaintiffs Liberty and Safeco under a mistake of fact.

212.     Plaintiffs Liberty and Safeco are entitled to restitution from each of Defendant, 4 Transport, 411 Therapy, 4 UR Recovery, A1, Gravity Imaging, Spine & Health, New Horizon, First Medical, HMRF III, HMFR IV, Velocity IV, Velocity V, and Velocity VI, individually and jointly, for all monies paid to and/or received by them from Liberty.

### COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

213.     Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 212 as though fully set forth herein.

214.     Defendants submitted, caused to be submitted, or benefited from claims submitted to Plaintiffs Liberty and Safeco that caused Plaintiffs Liberty and Safeco to pay money, in reasonable belief that it was legally obligated to make such payments based upon Defendants' fraudulent misrepresentations.

215.     Plaintiffs Liberty's and Safeco's payments constitute a benefit which Defendants aggressively sought and voluntarily accepted.

216.     Defendant wrongfully obtained or benefited from payments from Plaintiffs Liberty and Safeco through the fraudulent scheme detailed herein.

217.     Defendants have been unjustly enriched by receipt of or benefit from these wrongfully obtained payments from Plaintiffs Liberty and Safeco.

218.   Defendants' retention of these payments would violate fundamental principles of justice, equity, and good conscience.

## COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

219.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 218 as though fully set forth herein.

220.   Defendants routinely billed for unnecessary and unlawful services with respect to the patients at issue in this Complaint.

221.   Defendants also billed for services not rendered.

222.   Defendants also billed for services pursuant to a fraudulent scheme whereby patients were illegally solicited and referred to them for the purpose of generating claims to Plaintiffs Liberty and Safeco, and not for the purpose of providing reasonably necessary medical treatment, testing, or services.

223.   Pursuant to the Michigan No-Fault Act, an insurer is liable to pay benefits only for reasonable and necessary expenses for lawfully rendered treatment arising out of a motor-vehicle accident Mich. Comp. Laws §§ 500.3105 and 500.3107.

224.   The lack of reasonableness and necessity are defenses to an insurer's obligation to pay No-Fault benefits arising out of a motor vehicle accident. Mich. Comp. Laws § 500.3107.

225.   Where a provider is unable to show that an expense has been incurred for a reasonably necessary product or service arising out of a motor vehicle accident, there can be no finding of a breach of the insurer's duty to pay, and thus no finding of liability with regard to that expense.

226.    Defendants continue to submit claims under applicable provisions of the Michigan No-Fault Act for unnecessary and unlawfully rendered medical services to Plaintiffs Liberty and Safeco, and other claims remain pending with Plaintiffs Liberty and Safeco.

227.    Accordingly, Plaintiffs Liberty and Safeco requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that the Defendants billed for unnecessary and unlawful treatment that is not compensable under applicable provisions of the Michigan No-Fault Act.

228.    Plaintiffs Liberty and Safeco also requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants were engaged in a fraudulent scheme whereby they billed for unnecessary and unlawful treatment and submitted unreasonable charges for the same to Plaintiffs Liberty and Safeco at all relevant times.

229.    As such, Defendants have no standing to submit, pursue, or receive benefits or any other payment from Plaintiffs Liberty and Safeco, and Plaintiffs Liberty and Safeco requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot seek payment from Plaintiffs Liberty and Safeco for benefits under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint.

230.    Plaintiffs Liberty and Safeco further requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot balance bill or otherwise seek payment from any person insured under an Plaintiffs Liberty and Safeco policy or for whom Plaintiffs Liberty and Safeco is the responsible payor related to the fraudulent conduct detailed in the within Complaint.

## VIII.    DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Liberty and Safeco respectfully pray that judgment enter in

their favor as follows:

### COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) (DEFENDANTS ENTERPRISE COLLECTIVELY) AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, GONTE, SAGALA, AND CARULLA

   a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an

   amount to be determined at trial;

   b. AWARD Plaintiffs Liberty and Safeco treble damages pursuant to 18 U.S.C. § 1964,

   together with interest, costs, and attorney's fees;

   c. GRANT Plaintiffs Liberty and Safeco injunctive relief enjoining Defendants from

   engaging in the wrongful conduct alleged in the within Complaint; AND

   d. GRANT all other relief this Honorable Court deems just.

### COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. (411 THERAPY ENTERPRISE) AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, GONTE, SAGALA, AND CARULLA

   a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an

   amount to be determined at trial;

   b. AWARD Plaintiffs Liberty and Safeco treble damages pursuant to 18 U.S.C. § 1964,

   together with interest, costs, and attorney's fees;

   c. GRANT Plaintiffs Liberty and Safeco injunctive relief enjoining Defendants from

   engaging in the wrongful conduct alleged in the within Complaint; AND

   d. GRANT all other relief this Honorable Court deems just.

## COUNT III — COMMON LAW FRAUD AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco its costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c. GRANT all other relief this Honorable Court deems just.

## COUNT IV — CIVIL CONSPIRACY AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco its costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c. GRANT all other relief this Honorable Court deems just.

## COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

a. DECLARE that Plaintiffs Liberty and Safeco have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b. DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty and Safeco pursuant to the Michigan No-Fault Act, Mich. Comp.

Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c.   DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs Liberty and/or Safeco is the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d.   GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS 4 TRANSPORT, 411 THERAPY, 4 UR RECOVERY, A1, GRAVITY IMAGING, SPINE & HEALTH, NEW HORIZON, FIRST MEDICAL, HMRF III, HMFR IV, VELOCITY IV, VELOCITY V, VELOCITY VI, AND NATIONAL HEALTH, GONTE, SAGALA, AND CARULLA

a.   AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount determined at trial; AND

b.   GRANT all other relief this Honorable Court deems just.

## COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

a.   DECLARE that Plaintiffs Liberty and Safeco have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b.   DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty and Safeco pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any

lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c. DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs Liberty and/or Safeco is the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d. GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## IX.    DEMAND FOR JURY TRIAL

Plaintiffs Liberty and Safeco hereby demand a trial by jury on all claims herein.

LAW OFFICES OF GREIG, KENNEDY, SEIFERT AND FITZGIBBONS

STEVEN M. BRAUN (P79461)
DAVID JOSEPH LANKFORD (P47881)
JOY WEBER (P77088)
Attorneys for Plaintiffs
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
David.Lankford@libertymutual.com
Steven.braun@libertymutual.com
Joy.Weber@libertymutual.com
248-223-0120

DATED: August 13, 2021

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Liberty Mutual Fire Insurance Company, Liberty Mutual Personal Insurance Company, Liberty Mutual Fire Insurance Company, LM Insurance Corporation, LM General Insurance Company, LM Insurance Corporation, LM Property and Casualty Insurance Company, The Liberty Surplus Insurance Corporation, Safeco Insurance Company Of America, Safeco Insurance Company Of Illinois, And Safeco Insurance Company Of Indiana

## DEFENDANTS

4 Transport Inc., 411 Help LLC, 4 Ur Recovery Therapy LLC, A1 Occupational Therapy, Gravity Imaging LLC, Spine And Health PLLC, Spine & Health PLLC II, New Horizon Chiropractic PLLC, 4 Health Management LLC, HMRF Fund III LLC, HMRF Fund IV LLC, Velocity MRS Fund IV, Velocity MRS Fund V, Velocity MRS Fund VI, National Health Finance DM LLC, Hassan Fayad, Mirna Fayad, William Gonte, M.D., Geoffrey Kemoli Sagala, D.C., And Ernesto Carulla, P.T.,

**(b)** County of Residence of First Listed Plaintiff   Norfolk, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wayne County, MI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Joseph Lankford (P47881), Steven M. Braun (P79461), Joy Weber (P77088); Law Offices of Greig, Kennedy, Seifert and Fitzgibbons; Attorneys for Plaintiffs; 28411 Northwestern Hwy., Suite 640, Southfield, MI 48034;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962

Brief description of cause:
Violations of the federal Racketeer Influenced and Corrupt Organizations Act, along with other causes of actions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
August 12, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.  Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)   ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :